IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EVESTER S. SUTTON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO.  3-08-CV-1117-L |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Evester S. Sutton seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g).  For the reasons stated herein, the hearing decision should be affirmed.

I.

Plaintiff alleges that she is disabled due to a variety of ailments, including asthma, panic attacks, and a seizure disorder.  After her applications for disability and supplemental security income ("SSI") benefits were denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge.  That hearing was held on February 14, 2007.  At the time of the hearing, plaintiff was 47 years old.  She has a high school education and past work experience as a fast food worker, a short order cook, a hospital housekeeper, and a dietary aide.  Plaintiff has not engaged in substantial gainful activity since October 31, 2002.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability or SSI benefits.  Although the medical evidence established that plaintiff suffered from a seizure disorder and an anxiety disorder, the judge concluded that the severity of those impairments did not meet or

equal any impairment listed in the social security regulations.  The ALJ further determined that plaintiff had the residual functional capacity to perform a significant range of light work, but could not return to her past relevant employment.  Relying on the testimony of a vocational expert, the judge found that plaintiff was capable of working as a mail clerk, a coin collector, and a cleaner -- jobs that exist in significant numbers in the national economy.  Plaintiff appealed that decision to the Appeals Council.  The Council affirmed.  Plaintiff then filed this action in federal district court.

## II.

In her sole ground for relief, plaintiff contends that the hearing decision is not supported by substantial evidence because it is based on unreliable vocational expert testimony that she can perform other work in the national economy.

## A.

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence.  *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir. 1993).  It is more than a scintilla but less than a preponderance.  *Richardson*, 91 S.Ct. at 1427.  The district court may not reweigh the evidence or substitute its judgment for that of the Commissioner, but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision.  *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a).  The Act defines "disability" as the inability to engage in substantial gainful

activity by reason of any medically determinable physical or mental impairment that can be expected

to result in death or last for a continued period of 12 months. *Id.* § 423(d)(1)(A); *Cook v. Heckler*,

750 F.2d 391, 393 (5th Cir. 1985).  The Commissioner has promulgated a five-step sequential

evaluation process that must be followed in making a disability determination:

1.   The hearing officer must first ascertain whether the claimant
     is engaged in substantial gainful activity.  A claimant who is
     working is not disabled regardless of the medical findings.

2.   The hearing officer must then determine whether the claimed
     impairment is "severe."   A "severe impairment" must
     significantly limit the claimant's physical or mental ability to
     do basic work activities.  This determination must be made
     solely on the basis of the medical evidence.

3.   The hearing officer must then determine if the impairment
     meets or equals in severity certain impairments described
     in Appendix 1 of the regulations.   This determination is
     made using only medical evidence.

4.   If the claimant has a "severe impairment" covered by the
     regulations, the hearing officer must determine whether the
     claimant can perform his past work despite any limitations.

5.   If the claimant does not have the residual functional capacity
     to perform past work, the hearing officer must decide whether
     the claimant can perform any other gainful and substantial
     work in the economy.  This determination is made on the
     basis of the claimant's age, education, work experience, and
     residual functional capacity.

*See generally*, 20 C.F.R. § 404.1520(b)-(f).  The claimant has the initial burden of establishing a

disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct.

2287, 2294 n.5, 96 L.Ed.2d 119 (1987).  The burden then shifts to the Commissioner to show that

the claimant is capable of performing work in the national economy. *Id.*  A finding that the claimant

is disabled or not disabled at any point in the five-step review is conclusive and terminates the

analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision.   The court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995), *citing Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991).   The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *Ripley*, 67 F.3d at 557.   If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *Id.*   However, procedural perfection is not required.   The court will reverse an administrative ruling only if the claimant shows that a substantive right was prejudiced. *Smith v. Chater*, 962 F.Supp. 980, 984 (N.D. Tex. 1997).

B.

At the administrative hearing, Susan Brooks, a vocational expert, testified that a hypothetical person of plaintiff's age, education, work experience, and functional limitations could perform other work that exists in significant numbers in the national economy, including the jobs of mail clerk and cleaner.[1] (*See* Tr. at 747-48).   According to plaintiff, both jobs, as described in the *Dictionary of Occupational Titles* ("DOT"), require abilities beyond her residual functional capacity. (*See* Plf. MSJ Br. at 5, 8).

The DOT was promulgated by the Department of Labor to provide "standardized occupational information to support job placement activities." *See Dictionary of Occupational Titles* at xv (4th ed. 1991).   The DOT, along with a companion volume -- *The Selected Characteristics of*

---

[1] Brooks also testified that a hypothetical person with plaintiff's functional limitations could perform the job of coin collector. (*See* Tr. at 747-48).   In his brief, the Commissioner concedes that plaintiff may not be able to perform that job. (*See* Def. MSJ Br. at 5).

*Occupations Defined in the Revised Dictionary of Occupational Titles* ("SCO") -- contain

descriptions of the requirements for thousands of jobs in the national economy. The DOT classifies

jobs based on various factors, including SVP, or specific vocational preparation time, which is

defined as "the amount of lapsed time required by a typical worker to learn the techniques, acquire

the information, and develop the facility needed for average performance in a specific job-worker

situation." *Dikeman v. Halter*, 245 F.3d 1182, 1186 n.2 (10th Cir. 2001), *quoting* U.S. Dep't of

Labor, Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational

Titles, App. B, B-1 (1993). The higher the SVP rating, the more time that is required for the worker

to learn the job. An SVP rating of one or two corresponds to unskilled work. *See* SSR 00-4p, 2000

WL 1898704 at *3 (Dec. 4, 2000).

There is a split of circuit authority as to whether vocational expert testimony can provide

substantial evidence to support the Commissioner's decision when it conflicts with the DOT

provisions. Some courts permit the ALJ to rely on such testimony even if it conflicts with the DOT.

*See Jones v. Apfel*, 190 F.3d 1224, 1229-30 (11th Cir. 1999), *cert. denied*, 120 S.Ct. 1723 (2000);

*Conn v. Secretary of Health and Human Services*, 51 F.3d 607, 610 (6th Cir. 1995); *Sawyer v. Apfel*,

No. 98-1520, 1998 WL 830653 at *1 (4th Cir. Dec. 2, 1998). By contrast, the Eighth Circuit has

held that the DOT job descriptions are generally more reliable than the conflicting testimony of a

vocational expert. *Smith v. Shalala*, 46 F.3d 45, 47 (8th Cir. 1995). Still other courts, including the

Fifth Circuit, have adopted a "middle ground" approach which allows the ALJ to rely on vocational

expert testimony if the record reflects an adequate basis or a reasonable explanation for deviating

from the DOT. *See Carey v. Apfel*, 230 F.3d 131, 146-47 (5th Cir. 2000); *Haddock v. Apfel*, 196

F.3d 1084, 1091-92 (10th Cir. 1999); *Johnson v. Shalala*, 60 F.3d 1428, 1434-35 (9th Cir. 1995);

*Tom v. Heckler*, 779 F.2d 1250, 1255-56 (7th Cir. 1985); *Mimms v. Heckler*, 750 F.2d 180, 186 (2d

Cir. 1984). In *Carey*, the Fifth Circuit held that:

> To the extent that there is any implied or indirect conflict between the
> vocational expert's testimony and the DOT . . ., we agree with the
> majority of the circuits that the ALJ may rely upon the vocational
> expert's testimony provided that the record reflects an adequate basis
> for doing so. . . .  Adopting a middle ground approach, in which
> neither the DOT nor the vocational expert testimony is per se
> controlling, permits a more straightforward approach to the pertinent
> issue, which is whether there is substantial evidence supporting the
> Commissioner's determination that this particular person can do this
> particular job or group of jobs.

*Carey*, 230 F.3d at 146-47.  Although *Carey* did not involve "the type of direct and obvious conflict

[ ] when the vocational expert's characterization of the exertional or skill level required for a

particular job is facially different from the exertional or skill level provided for that job in the DOT,"

*id.* at 145-46,  lower courts that have considered such direct conflicts have also adopted this "middle

ground" approach.  *See Johnson v. Barnhart*, 285 F.Supp.2d 899, 913-14 (S.D. Tex. 2003);

*Augustine v. Barnhart*, No. 1-00-CV-749, 2002 WL 31098512 at *9-10 (E.D. Tex. Aug. 27, 2002);

*Hollan v. Apfel*, No. 3-00-CV-0002-H, 2001 WL 180151 at *6 (N.D. Tex. Feb. 20, 2001).  Thus, at

least in this circuit, vocational expert testimony may be accepted over a conflicting DOT provision

if "the record reflects an adequate basis for doing so." *Carey*, 230 F.3d at 146.

In this case, the ALJ determined that plaintiff has no transferrable work skills.  (Tr. at 28).

As a result, plaintiff is limited to unskilled work. *See* SSR 83-10, 1983 WL 31251 at *3 (S.S.A.

1983) ("Ability to perform skilled or semiskilled work depends on the presence of acquired skills

which may be transferred to such work from past job experience above the unskilled level or the

presence of recently completed education which allows for direct entry into skilled or semiskilled

work."); *see also White v. Astrue*, No. 4-08-CV-415-Y, 2009 WL 763064 at *14 (N.D. Tex. Mar.

23, 2009) (noting that transferable skills are necessary to perform semi-skilled or skilled work). At the administrative hearing, Brooks testified that a hypothetical person with plaintiff's functional limitations could work as a cleaner, "at the light, *unskilled level with an SVP of two*." (Tr. at 748) (emphasis added).  Plaintiff argues that this testimony conflicts with the DOT description of similar jobs -- including "cleaner, ordnance and accessories industry" found at section 503.684-010, "cleaner, laboratory equipment" found at section 381.687-022, and "sweeper-cleaner, industrial" found at section 389.683-010 -- all of which are semi-skilled occupations requiring an SVP of three. (*See* Plf. MSJ Br. at 8-10; Plf. Reply Br. at 9-10).  However, the record clearly shows that Brooks was referring to the job of "cleaner, housekeeping" found at section 323.687-014, which has an SVP rating of two.  When asked about the reaching, handling, and fingering requirements of certain jobs, Brooks responded:

> VE:   [A] cleaner.  It requires frequent reaching and handling but only occasional fingering.
>
> ALJ:  And this would be at the --
>
> VE:   At the light, unskilled level with an SVP of 2.
>
> ALJ:  Um-hum.
>
> VE:   There are approximately -- well if we even limit these to those that after hours, just wiped the tables and pulled the trash --
>
> ALJ:  Um-hum.
>
> VE:   -- we're talking about approximately 10,000 positions existing in the state of Texas and 120,000 in the U.S.

(Tr. at 748).  This testimony corresponds to the requirements of the "cleaner, housekeeping" position found at section 323.687-014 -- a light, unskilled job with an SVP of two that requires

frequent reaching and handling and occasional fingering.[2] *See Dictionary of Occupational Titles*, § 323.687-014, 1991 WL 672783 (4th ed. 1991).  According to the narrative description in section 323.687-014, a "cleaner:"

> Cleans rooms and halls in commercial establishments, such as hotels, restaurants, clubs, beauty parlors, and dormitories, performing any combination of following duties:  Sorts, counts, folds, marks, or carries linens.  Makes beds.  Replenishes supplies, such as drinking glasses and writing supplies.  Checks wraps and renders personal assistance to patrons.  Moves furniture, hangs drapes, and rolls carpets.  Performs other duties as described under CLEANER (any industry) I Master Title.

*Id.*    Among the other duties of "Cleaner I" listed in the Master Title section of the DOT are "dust[ing] furniture and equipment" and "empt[ying] wastebaskets."  *Id.*, Master Titles and Definitions, 1991 WL 645969.  Thus, the section 323.687-14 description of "cleaner, housekeeping" fully conforms to Brooks' testimony about a light, unskilled cleaner job that involves wiping tables and pulling trash.

In addition, plaintiff's representative at the administrative hearing had an opportunity to cross-examine Brooks regarding the classification of the jobs she cited, but opted not to do so.  As the Fifth Circuit has repeatedly emphasized, "claimants should not be permitted to scan the record for implied or unexplained conflicts between the specific testimony of an expert witness and the voluminous provisions of the DOT, and then present that conflict as reversible error, when the conflict was not deemed sufficient to merit adversarial development in the administrative hearing." *Carey*, 230 F.3d at 146-47.  Because there is substantial evidence to support the finding that plaintiff

---

[2] Although the DOT was not placed into the record, the court can take judicial notice of the job listings and other information contained therein. *See Hubbard v. Comm'r of Soc. Sec.*, No. 08-16190, 2009 WL 3262024 at *1 n.1 (11th Cir. Oct. 13, 2009).

can perform the "cleaner" position referred to by Brooks, the hearing decision must be affirmed. *See*

*DeLeon v. Barnhart,* 174 Fed.Appx. 201, 2006 WL 905397 at *1 (5th Cir. Mar. 29, 2006).

## RECOMMENDATION

The hearing decision should be affirmed in all respects.

A copy of this report and recommendation shall be served on all parties in the manner

provided by law.  Any party who objects to any part of this report and recommendation must file

specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1);

FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place

in the magistrate judge's report and recommendation where the disputed determination is found.  An

objection that merely incorporates by reference or refers to the briefing before the magistrate judge

is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing

the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the

district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,*

79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  April 2, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE